**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | | |
|---|---|---|
| **KHARYN RAMSAY** | * | |
| *Plaintiff,* | * | |
| **v.** | * | **Civil Act. No.: 12-cv-2741** |
| **SAWYER PROPERTY** | * | |
| **MANAGEMENT OF MARYLAND,** | | |
| **LLC** | * | |
| **and** | * | |
| **JEFFREY TAPPER,** | * | |
| **ATTORNEY-AT-LAW,** | | |
| | * | |
| *Defendants.* | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>**CLASS ACTION COMPLAINT AND
DEMAND FOR JURY TRIAL**</u>

Now comes KHARYN RAMSAY, ("Plaintiff"), on behalf of herself and all others similarly situated and alleges as follows:

<u>**INTRODUCTION**</u>

1.      Plaintiff KHARYN RAMSAY brings this class action seeking redress for the illegal practices of defendants SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW in connection with the collection of debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. (the "FDCPA"); the Maryland Consumer Debt Collection

1

Act, Md. Code Ann., Com. Law, § 14-201, *et seq.* (the "MCDCA"); and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, § 13-101, *et seq.* (the "MCPA").

2.      Plaintiff and the purported class seek actual and statutory damages, attorney's fees, costs, and equitable relief pursuant to the FDCPA, MDCPA, and MCPA. Plaintiff requests that the practices of SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW as described below, be declared to violate the FDCPA, the MCDCA and the MCPA and that SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW be enjoined from such conduct in the future.

3.      Each debt subject to this dispute is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA, as they allegedly arose out of personal medical treatment.

4.      Each debt subject to this dispute is a "consumer transaction" as that term is defined by Md. Code Ann., Com. Law, § 14-201(c) of the MCDCA.

5.      Defendants attempted to collect the subject debt by engaging in "communications" as defined in 15 U.S.C. § 1692a(2) of the FDCPA.

## **JURISDICTION AND VENUE**

6.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692k(d) and 28

U.S.C. § 1331.

7.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

8.     Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts that give rise to the claim occurred within this District. Additionally, Plaintiff resides within the District of Maryland.

## PARTIES

9.     Plaintiff KHARYN RAMSAY is a resident of Baltimore County, Maryland. Plaintiff is and was at all times relevant, a "consumer" within the meaning of 15 U.S.C. §1692a(3), in that Defendants sought to collect from Plaintiff an alleged debt incurred for non-business purposes. Plaintiff is a "person" as that term is defined by the MCDCA and the MCPA.

10.     Defendant SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC, is a Delaware limited liability company with its principal place of business located at 211 Centerville Road, Wilmington, Delaware. SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC is a rental agent for various landlords throughout Maryland including, without limitation, SRH Woodmoor LLC, the owner of a rental property known as "Gwynn Oaks I." SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC engages in the business of collecting debts alleged to be due another in the State of Maryland, and uses the United

States Mail in furtherance of its collection of debts alleged to be due another. In violation of Maryland law, Defendant SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC is not licensed as a collection agency with the State of Maryland, Department of Labor, Licensing and Regulation. Defendant SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC is not exempt from collection agency licensing because it is not a licensed real estate broker or an individual acting on behalf of a licensed real estate broker.

11.     Defendant JEFFREY TAPPER, ATTORNEY-AT-LAW is a Maryland sole proprietorship law firm with its principal place of business located at 90 Painters Mill Road, Suite 230, Owings Mills, Maryland. Defendant JEFFREY TAPPER, ATTORNEY-AT-LAW is a law firm engaged in the business of collecting debts alleged to be due another in the State of Maryland, and uses the United States Mail in furtherance of their collection of debts alleged to be due another. Defendant JEFFREY TAPPER, ATTORNEY-AT-LAW holds an active collection agency license with the State of Maryland, Department of Labor, Licensing and Regulation.

12.     SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC hired JEFFREY TAPPER, ATTORNEY-AT-LAW and other debt collectors to collect the debts on behalf of its principals and is vicariously liable for the acts and omissions of JEFFREY TAPPER, ATTORNEY-AT-LAW which at all times

relevant to this dispute was the agent of SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC acting within the scope of its agency.

13.     At all relevant times SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW acted as a "debt collector" within the meaning of 15 U.S.C. §1692$a$(6) of the FDCPA. SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW regularly collect or attempt to collect, directly or indirectly, debts asserted to be owed or due another.

14.     At all relevant times Defendants SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW acted as a "collector" and "person" as those terms are defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA.

15.     The acts of SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW alleged herein were performed by its employees and attorney agents acting within the scope of their actual or apparent authority.

16.     The acts of SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW alleged herein were performed by their employees acting within the scope of their actual or apparent authority.

17.     At all relevant times each Defendant was the principal, agent, partner, affiliate, successor in interest or predecessor in interest of some or all of the other defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Each Defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants.

## **FACTUAL ALLEGATIONS**

18.     SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW routinely commandeer the criminal justice system to collect debts through deceptive practices.

19.     SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC regularly employs JEFFREY TAPPER, ATTORNEY-AT-LAW to bring collection lawsuits in the District Court of Maryland. Many of these lawsuits result in judgments by default.

20.     To enforce these judgments, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW rely almost exclusively on Maryland Rule 3-633(b) that establishes a procedure to obtain an

oral examination of the judgment debtor before a District Court judge.

21.     A Judgment Creditor wishing to obtain an oral examination is required to complete form "DC/CV 32," an exemplar of which is attached as **Exhibit A**. The Judgment Creditor completes the top part of the form, which is titled "Request for Order Directing Defendant to Appear for Examination in Aid of Enforcement of Judgment (3-633) (Oral)." A clerk of the District Court reviews the requests and completes the lower half of the form, which is titled "Order of the Court." After approval by the court a Judge of the District Court's signature stamp is applied to the form.

22.     At this point the DC/CV 32 becomes an Order of the District Court of Maryland directing that the Judgment Debtor appear at a scheduled time for an oral examination before a Judge of the District Court.

23.     If a Judgment Debtor fails to appear for the oral examination, the Judgment Creditor can obtain a Show Cause Order for Contempt, pursuant to Maryland Rule 3-633.

24.     A Judgment Creditor wishing to obtain a Show Cause Order for Contempt is required to complete form "DC/CV 33," an exemplar of which is attached as **Exhibit B**. The Judgment Creditor completes the top part of the form, which is titled "Request for Show Cause Order for Contempt (3-633) (SHOR)." A clerk of the District Court reviews the request and completes the

lower half of the form, which is titled "Show Cause Order for Contempt." After approval by the court a Judge of the District Court's signature stamp is applied to the form.

25.    At this point the DC/CV 33 becomes an Order of the District Court of Maryland directing that the Judgment Debtor appear at a scheduled time to show cause why he or she should not be held in contempt for failure to appear for the ordered oral examination.

26.    If the Judgment Debtor fails to appear at the show cause hearing, a Judgment Creditor can request that the Court issue an "Attachment for Contempt" directing any Peace Officer to attach the body of the Judgment Debtor by placing the Judgment Debtor under arrest, and delivering the Judgment Debtor to a judicial officer for a determination of the amount of bond, if any, that will be required before the Judgment Debtor may be released.

27.    Sometimes a Judgment Creditor requests that the Court set a penalty amount of the bond equal to the amount of the judgment allegedly owed the Judgment Creditor.

28.    SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW confuse Judgment Debtors by adding the following language to the top of the DC/CV 32 form:

> THIS COMMUNICATION IS FROM A DEBT COLLECTOR. IT IS AN ATTEMPT TO COLLECT A DEBT AND ANY

> INFORMATION OBTAINED WILL BE USED FOR THAT
> PURPOSE

**Exhibit C**.

29.     This statement is false. The DC/CV 32 served upon the Judgment

Debtor is not a communication from a debt collector. It is an order of the District

Court.

30.     These unauthorized changes to the DC/CV 32 form result in

Judgment Debtors sued by SAWYER PROPERTY MANAGEMENT OF

MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW frequently

failing to attend the ordered oral examinations.

31.     These unauthorized changes to the DC/CV 32 form are misleading

and confuse Judgment Debtors into thinking that the document is a

communication from a debt collector, as opposed to a court's order.

32.     SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and

JEFFREY TAPPER, ATTORNEY-AT-LAW also confuse Judgment Debtors by

adding the following language to the top of the DC/CV 33 form:

> THIS COMMUNICATION IS FROM A DEBT COLLECTOR. IT
> IS AN ATTEMPT TO COLLECT A DEBT AND ANY
> INFORMATION OBTAINED WILL BE USED FOR THAT
> PURPOSE

**Exhibit D**.

33.     This statement is false. The DC/CV 33 served upon the Judgment

Debtor is not a communication from a debt collector. It is an order of the District Court.

34.   These unauthorized changes to the DC/CV 33 form result in Judgment Debtors sued by SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW frequently failing to attend the ordered show cause hearings.

35.   These unauthorized changes to the DC/CV 33 form are misleading and confuse Judgment Debtors into thinking that the document is a communication from a debt collector, as opposed to a court's order.

36.   This course of conduct has resulted in the arrest of KHARYN RAMSAY and the issuance of body attachments against the Class she wishes to represent when they failed to appear in response to Show Cause Orders issued by the Court on DC/CV 33 forms that had been modified by SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW to include the following false and misleading information:

> THIS COMMUNICATION IS FROM A DEBT COLLECTOR. IT IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

37.   KHARYN RAMSAY was arrested on April 23, 2012, by the Baltimore County Sheriff's Office at 4:30 PM and released on her own recognizance at 6:15 PM.

38.    A review of records available from the District Court of Maryland, disclose that other Maryland consumers have been jailed under similar circumstances.

## **Consumer TMF**

39.    For example, a Maryland Consumer with the initials "TMF" (hereinafter "Consumer TMF") was sued on September 8, 2010. An affidavit judgment was entered on December 1, 2010.

40.    On December 31, 2010, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 32 to the District Court. After service was unsuccessful, SAWYER PROPERTY MANAGEMENT OF MARYLAND and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted a second improperly altered DC/CV 32 to the District Court on. April 1, 2011. Service was again unsuccessful, and a third improperly altered DC/CV 32 was submitted on July 13, 2011. Consumer TMF eventually was served on July 25, 2011.

41.    When Consumer TMF failed to appear for the oral examination SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 33 to the District Court requesting an order to show cause.

42.     Consumer TMF failed to appear at the show cause hearing and the Court issued an Attachment for Contempt. Police attempted to arrest Consumer TMF on March 20, 2012, but a canvass was conducted and no one living in the surrounding area had seen TMF.

### Consumer YS

43.     A Maryland Consumer with the initials "YS" (hereinafter "Consumer YS") was sued on April 6, 2011. An affidavit judgment was entered on August 16, 2011.

44.     On October 7, 2011, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 32 to the District Court. Consumer YS was served on October 30, 2011.

45.     When Consumer YS failed to appear for the oral examination SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 33 to the District Court requesting an order to show cause.

46.     Consumer YS failed to appear at the show cause hearing and the Court issued an Attachment for Contempt. Police arrested Consumer YS on May 21, 2012 at 4 pm.

## Consumer LJF

47.   A Maryland Consumer with the initials "LJF" (hereinafter "Consumer LJF") was sued on July 16, 2010. An affidavit judgment was entered on October 7, 2010.

48.   On December 10, 2010, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 32 to the District Court. Consumer LJF was served on January 14, 2011.

49.   When Consumer LJF failed to appear for the oral examination, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 33 to the District Court requesting an order to show cause.

50.   Consumer LJF failed to appear at the show cause hearing and the Court issued an Attachment for Contempt.

## Consumer BBB

51.   A Maryland Consumer with the initials "BBB" (hereinafter "Consumer BBB") was sued on May 7, 2010. An affidavit judgment was entered on August 9, 2010.

52.   On October 13, 2010, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an

improperly altered DC/CV 32 to the District Court. Though Consumer BBB attended this initial oral examination, a second DC/CV was filed on July 29, 2011 alleging that Consumer BBB was not truthful at the initial oral examination.

53.    When Consumer BBB failed to appear for the second oral examination, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 33 to the District Court requesting an order to show cause.

54.    Consumer BBB failed to appear at the show cause hearing and the Court issued the Attachment for Contempt. Consumer BBB was arrested on April 19, 2012 and charged with civil contempt. Bail was set at $2,500, only approximately $100 less than the judgment against BBB. A bail bond was obtained, and Consumer BBB was subsequently released on April 20, 2012, pending trial.

## Consumer AJS

55.    A Maryland Consumer with the initials "AJS" (hereinafter "Consumer AJS") was sued on May 7, 2010. An affidavit judgment was entered on August 9, 2010.

56.    On January 1, 2011, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an

improperly altered DC/CV 32 to the District Court. When timely service did not occur, a second improperly altered DC/CV was filed on April 1, 2011.

57.     When Consumer AJS failed to appear for the oral examination, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 33 to the District Court requesting an order to show cause.

**Consumer TJM**

58.     A Maryland Consumer with the initials "TJM" (hereinafter "Consumer TJM") was sued on May 10, 2010. An affidavit judgment was entered on August 10, 2010.

59.     On September 24, 2010, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 32 to the District Court.

60.     When Consumer TJM failed to appear for the oral examination, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 33 to the District Court requesting an order to show cause.

61.     Consumer TJM failed to appear at the show cause hearing and the Court issued the Attachment for Contempt. Consumer TJM was arrested at 3:25 PM on June 16, 2011.

62.    On January 20, 2012, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted another improperly altered DC/CV 32 to the District Court. Consumer TJM did attend an oral examination held April 4, 2012.

**Consumer WS**

63.    A Maryland Consumer with the initials "WS" (hereinafter "Consumer WS") was sued on May 10, 2010. An affidavit judgment was entered on January 21, 2011.

64.    On September 24, 2010, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 32 to the District Court.

65.    When Consumer WS failed to appear for the oral examination, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 33 to the District Court requesting an order to show cause.

66.    Consumer WS failed to appear at the show cause hearing and the Court issued the Attachment for Contempt.

**Consumer KFS**

67.    A Maryland Consumer with the initials "KFS" (hereinafter "Consumer KFS") was sued on May 10, 2010. An affidavit judgment was entered on August 10, 2010.

68.    On September 24, 2010, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 32 to the District Court.

69.    When Consumer KFS failed to appear for the oral examination, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 33 to the District Court requesting an order to show cause.

70.    Consumer KFS failed to appear at the show cause hearing and the Court issued the Attachment for Contempt.

**Consumer BC**

71.    A Maryland Consumer with the initials "BC" (hereinafter "Consumer BC") was sued on June 21, 2010. An affidavit judgment was entered on September 10, 2010.

72.    On October 8, 2010, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 32 to the District Court.

73.   When Consumer BC failed to appear for the oral examination, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 33 to the District Court requesting an order to show cause.

74.   Consumer BC failed to appear at the show cause hearing and the Court issued the Attachment for Contempt.

## **Consumer LEJ**

75.   A Maryland Consumer with the initials "LEJ" (hereinafter "Consumer LEJ") was sued on June 21, 2010. An affidavit judgment was entered on September 10, 2010.

76.   On October 8, 2010, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 32 to the District Court.

77.   When Consumer LEJ failed to appear for the oral examination, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 33 to the District Court requesting an order to show cause.

78.   Consumer LEJ failed to appear at the show cause hearing and the Court issued the Attachment for Contempt.

**Consumer AMP**

79.    A Maryland Consumer with the initials "AMP" (hereinafter "Consumer AMP") was sued on June 21, 2010. An affidavit judgment was entered on March 11, 2011.

80.    On April 8, 2011, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 32 to the District Court.

81.    When Consumer AMP failed to appear for the oral examination, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 33 to the District Court requesting an order to show cause on June 10, 2011.

82.    Consumer AMP failed to appear at the show cause hearing and the Court issued the Attachment for Contempt on August 24, 2011. Consumer AMP was arrested on June 21, 2012.

**Consumer KJJ**

83.    A Maryland Consumer with the initials "KJJ" (hereinafter "Consumer KJJ") was sued on June 21, 2010. An affidavit judgment was entered on September 13, 2010.

84.    On October 15, 2010, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 32 to the District Court.

85.    When Consumer KJJ failed to appear for the oral examination, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 33 to the District Court requesting an order to show cause.

86.    Consumer KJJ failed to appear at the show cause hearing and the Court issued the Attachment for Contempt. On December 12, 2011, Consumer KJJ satisfied the the judgment and the body attachment was subsequently recalled on December 20, 2011.

### Consumer NE

87.    A Maryland Consumer with the initials "NE" (hereinafter "Consumer NE") was sued on June 28, 2010. An affidavit judgment was entered on September 15, 2010.

88.    On October 29, 2010, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 32 to the District Court.

89.    When Consumer NE failed to appear for the oral examination, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY

TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 33 to the District Court requesting an order to show cause.

90.    Consumer NE failed to appear at the show cause hearing and the Court issued the Attachment for Contempt. Consumer NE, a single mother who lives only with her children, was arrested on June 30, 2011.

### Consumer WW

91.    A Maryland Consumer with the initials "WW" (hereinafter "Consumer WW") was sued on July 19, 2010. An affidavit judgment was entered on November 30, 2010.

92.    On December 31, 2010, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 32 to the District Court.

93.    When Consumer WW failed to appear for the oral examination, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 33 to the District Court requesting an order to show cause.

94.    Consumer WW failed to appear at the show cause hearing and the Court issued the Attachment for Contempt.

**Consumer AGC**

95.    A Maryland Consumer with the initials "AGC" (hereinafter "Consumer AGC") was sued on September 8, 2010. An affidavit judgment was entered on December 21, 2010.

96.    On February 4, 2011, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 32 to the District Court.

97.    When Consumer AGC failed to appear for the oral examination, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 33 to the District Court requesting an order to show cause.

98.    Consumer AGC failed to appear at the show cause hearing and the Court issued the Attachment for Contempt.

**Consumer JKH**

99.    A Maryland Consumer with the initials "JKH" (hereinafter "Consumer JKH") was sued on September 8, 2010. An affidavit judgment was entered on December 21, 2010.

100.    On February 4, 2011, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 32 to the District Court.

101.   When Consumer JKH failed to appear for the oral examination, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 33 to the District Court requesting an order to show cause.

102.   Consumer JKH failed to appear at the show cause hearing and the Court issued the Attachment for Contempt.

### **Consumer AT**

103.   A Maryland Consumer with the initials "AT" (hereinafter "Consumer AT") was sued on June 28, 2010. An affidavit judgment was entered on September 15, 2010.

104.   On October 15, 2010, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 32 to the District Court.

105.   When Consumer AT failed to appear for the oral examination, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted an improperly altered DC/CV 33 to the District Court requesting an order to show cause. When service was unsuccessful, SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW submitted another improperly altered DC/CV 33 to the District Court.

106.   Consumer AT failed to appear at the show cause hearing and the Court issued the Attachment for Contempt. Consumer AT was arrested on July 11, 2011 at 4:00 PM.

107.   The experiences described above demonstrate that consumers are routinely confused by the deceptive practices of the Defendants in altering the DC/CV 32 and DC/CV 33 forms. This often results in missed court appearances and can ultimately lead to arrest or the threat of arrest.

## DEFENDANTS' POLICIES AND PRACTICES

108.   It is the standard policy and practice of SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW to add the following language to the top of the DC/CV 32 and DC/CV 33 forms served on consumers:

> THIS COMMUNICATION IS FROM A DEBT COLLECTOR. IT IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

109.   This standard policy and practice violates §§ 1692e, 1692e(10), 1692e(15), and 1692f of the FDCPA, which prohibit,

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .**

24

> ***(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.***
>
> ***(15) The false representation or implication that documents are not legal process forms or do not require action by the consumer.***

### § 1692f. Unfair practices

***A debt collector may not use unfair or unconscionable means to collect of attempt to collect.***

110.   Although § 1692e(11) requires that a disclosure be included in the initial written communication with a consumer, the statute specifically provides that this requirement does not apply to a formal pleading made in connection with a legal action.

111.   This standard policy violates § 1692e(15) by falsely implying that the communication is not a court order, but instead is a communication from a debt collector. This is deceptive in that it overshadowed the fact that the consumer could be subject to arrest for failing to comply with the court orders.

112.   It is the standard policy and practice of SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC to bring lawsuits in an effort to collect consumer debts without a valid Maryland collection agency license in violation of § 1692f(1), which prohibits

*§ 1692f. Unfair Practices*

*A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

> *(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

113.   This standard policy and practice also constitutes violations of the §

14-202(8) of the MCDCA, which prohibits:

*Proscribed conduct*

*In collecting or attempting to collect an alleged debt a collector may not:*

> *(8) Claim, attempt, or threaten to enforce a right with knowledge that the right does not exist.*

114.   Violations of the MCDCA are violations of the MCPA pursuant to §

13-301(14)(iii) of the MCPA.

115.   In addition, both these standard policies and practices constitute

violations of § 13-301(1) of the MCPA, which prohibits

*False, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity,*

26

*tendency, or effect of deceiving or misleading consumers.*

## CLASS ALLEGATIONS

116.    Plaintiff brings this action on behalf of three subclasses.

117.    **FDCPA Class** The class period for the FDCPA class is one year prior to the filing of this complaint. The class consists of all natural persons who at any time within one year prior to the filing of this complaint were a party to an ongoing lawsuit in which SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW added the following language to the top of the DC/CV 32 and DC/CV 33 forms served on consumers:

> THIS COMMUNICATION IS FROM A DEBT COLLECTOR. IT IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

118.    **MCDCA Class** The class period for the MCDCA class is three years prior to the filing of this complaint and applies to all Defendants. The class consists of all natural persons who at any time within three years prior to the filing of this complaint were a party to an ongoing debt collection lawsuit brought by SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC.

119.    **MCPA Class** The class period for the MCPA class is three years prior to the filing of this complaint and applies to all Defendants. The class

27

consists of:

a)      all natural persons who at any time within three years prior to the filing of this complaint were a party to an ongoing lawsuit in which SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW added the following language to the top of the DC/CV 32 and DC/CV 33 forms served on consumers:

> THIS COMMUNICATION IS FROM A DEBT COLLECTOR. IT IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.; or

b)      all natural persons who at any time within three years prior to the filing of this complaint were a party to an ongoing debt collection lawsuit brought by SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC.

120.   The identities of all class members are readily ascertainable from the records of Defendants.

121.   Excluded from the class are all managers and directors of Defendants and members of their immediate families, and legal counsel for either side and all members of their immediate families.

122.   This action has been brought and may properly be maintained as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation:

a.    ***Numerosity:*** The class is so numerous that joinder of all members is impractical. On information and belief there are more than 4,400 members of the three sub classes. A recent review of District Court of Maryland court records discloses approximately 1,199 lawsuits that fall within the proposed FDCPA Class definition and approximately 4,409 lawsuits that fall within the proposed MCDCA and MCPA Class definition.

b.    ***Common Questions Predominate:*** There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The principal issues are:

i.    Whether Defendants SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW violated §§ 1692e, 1692e(10), 1692e(15), and 1692f of the FDCPA by adding the following language to the top of the DC/CV 32 and DC/CV 33 forms served on consumers:

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. IT IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

ii.    Whether Defendants SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW violated § § 13-301(1) of the MCPA by adding the following language to the top of the DC/CV 32 and DC/CV 33 forms served on consumers:

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. IT IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

iii.  Whether Defendant SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC has acted as a collection agency in Maryland.

iv.  Whether Defendant SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC has failed to obtain a Maryland Collection Agency license.

v.  Whether a failure to obtain a Maryland Collection Agency license renders the collection lawsuits filed by SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC a nullity.

vi.  Whether Defendant SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC threatened action or took action in attempts to collect consumer debt without the right to threaten or take the action.

vii.  Whether Defendant SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC violated § 1692f(1) of the FDCPA and § 14-208(8) of the MCDCA by bringing lawsuits in an effort to collect consumer debts without a valid Maryland collection agency license.

viii.  Whether Defendants SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-

LAW should be required to disgorge money that they have wrongfully collected from Maryland consumers.

c.      ***Typicality:*** Plaintiff's claims are typical of the claims of the members of the plaintiff class. Plaintiff and all members of the plaintiff class have claims arising out of Defendants' common course of conduct complained of herein.

d.      ***Adequacy:*** Plaintiff will fairly and adequately protect the interests of the members of the class. Plaintiff is committed to vigorously litigate this matter. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices. Neither Plaintiff nor Plaintiffs counsel have any interests which might cause them not to vigorously pursue this claim.

e.      ***Superiority:*** A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, since individual class member's claims for damages are relatively modest, the expenses and burdens of litigating individual actions would

make it difficult or impossible for individual members of the class to redress the wrongs done to them. An important public interest will be served by addressing the matter as a class action, substantial economies to the litigants and to the judicial system will be realized, and the potential for inconsistent or contradictory adjudications will be avoided.

123.   Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that Defendants have acted on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole.

124.   Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.   The questions of law and fact common to the members of the class predominate over any questions affecting an individual member.

b.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

125.   Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## FIRST CAUSE OF ACTION
### (The Fair Debt Collection Practices Act)

126.   Plaintiff incorporates the foregoing paragraphs.

127.   Defendants SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW violated §§ 1692e, 1692e(10), 1692e(15), and 1692f of the FDCPA by adding the following language to the top of the DC/CV 32 and DC/CV 33 forms served on consumers:

> THIS COMMUNICATION IS FROM A DEBT COLLECTOR. IT IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

128.   Defendant SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC violated § 1692f(1) of the FDCPA by bringing lawsuits in an effort to collect consumer debts without a valid Maryland collection agency license.

WHEREFORE, Plaintiff requests the following relief from these Defendants:

a.   The Court enter a declaratory judgment that these Defendant's practices violate the FDCPA;

b.   The Court enter judgment in favor of the Plaintiff and the class she seeks to represent against SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW in the maximum amount of statutory damages provided under 15 U.S.C. § 1692k;

c.   The Court enter a declaratory judgment that SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW may not modify the DC/CV 32 and DC/CV 33 forms to

indicate in any manner that the document is a communication from a debt collector.

d.     The Court enter a declaratory judgment that SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC may not bring lawsuits in an effort to collect consumer debts without a valid Maryland collection agency license.

e.     The Court enter judgment for actual damages in favor of the Plaintiff and members of the class she seeks to represent against SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC in the amount of all sums paid by the Plaintiff and members of the class she seeks to represent toward any claimed balance, presently estimated to be in excess of $5,000,000.00;

f.     The Court enter an order vacating any judgments entered against the members of the class the Plaintiff seeks to represent in favor of SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC

g.     The Court enter an award of pre-judgment and post-judgment interest on all sums awarded to the Plaintiff and members of the class she seeks to represent;

h.     The Court award to the Plaintiff and members of the class she seeks to represent reasonable counsel fees and the costs of these proceedings;

i.     The Court order such other and further relief as the nature of

this case may require.

## SECOND CAUSE OF ACTION
### (The Maryland Consumer Debt Collection Act)

129.   Plaintiff incorporates the foregoing paragraphs.

130.   Plaintiff and the class she seeks to represent incurred a debt which was primarily for personal, family, or household purposes and is therefore a "consumer transaction" as that term is defined by the Maryland Consumer Debt Collection Act.

131.   Defendants SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC 14-202(8) of the MCDCA by bringing and continuing lawsuits in an effort to collect consumer debts without a valid Maryland collection agency license.

132.   As a result of Defendants' violations of the MCDCA, Plaintiff and the class she seeks to represent have suffered actual damages and are therefore entitled to actual damages pursuant to Md. Code. Ann., Com. Law. §14-203 from Defendants.

WHEREFORE, Plaintiff requests the following relief from Defendants:

a.   The Court enter a declaratory judgment that Defendant's practices violate the MCDCA;

b.   The Court enter a declaratory judgment that SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC may not bring lawsuits in an effort to collect consumer debts without a valid Maryland collection agency

license.

c.      The Court enter judgment for actual damages in favor of the Plaintiff and members of the class she seeks to represent against SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC in the amount of all sums paid by the Plaintiff and members of the class she seeks to represent toward any claimed balance, presently estimated to be in excess of $18,000,000.00;

d.      The Court enter an order vacating any judgments entered against the members of the class the Plaintiff seeks to represent in favor of SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC

e.      The Court enter an award of pre-judgment and post-judgment interest on all sums awarded to the Plaintiff and members of the class she seeks to represent;

f.      The Court award to the Plaintiff and members of the class she seeks to represent reasonable counsel fees and the costs of these proceedings;

g.      The Court order such other and further relief as the nature of this case may require.

### THIRD CAUSE OF ACTION
### (The Maryland Consumer Protection Act)

133.    Plaintiff incorporates the foregoing paragraphs.

134.    Plaintiff and the class she seeks to represent are consumers as defined by the Consumer Protection Act ("CPA"), Maryland Code Annotated,

Commercial Law § 13-101(c).

135.   Section 13-303(1) of the CPA prohibits unfair or deceptive trade practices in the sale of consumer goods and the extension of consumer credit.

136.   Under § 13-301(14)(iii) of the CPA, unfair or deceptive trade practices also include any violation of the MCDCA.

137.   Defendants SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW violated these provisions by adding the following language to the top of the DC/CV 32 and DC/CV 33 forms served on consumers:

> THIS COMMUNICATION IS FROM A DEBT COLLECTOR. IT IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

138.   Defendant SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC also violated these provisions by bringing and continuing lawsuits in an effort to collect consumer debts without a valid Maryland collection agency license.

139.   As a direct consequence of Defendants' violation of the CPA, Plaintiff and the class she seeks to represent have suffered an injury or loss and are entitled to actual damages and attorneys fees pursuant to CPA §13-408.

WHEREFORE, Plaintiff requests the following relief from Defendants:

a.   The Court enter a declaratory judgment that Defendant's

practices violate the CPA;

b.      The Court enter a declaratory judgment that SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, ATTORNEY-AT-LAW may not modify the DC/CV 32 and DC/CV 33 forms to indicate in any manner that the document is a communication from a debt collector.

c.      The Court enter a declaratory judgment that SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC may not bring lawsuits in an effort to collect consumer debts without a valid Maryland collection agency license.

d.      The Court enter judgment for actual damages in favor of the Plaintiff and members of the class she seeks to represent against SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC in the amount of all sums paid by the Plaintiff and members of the class she seeks to represent toward any claimed balance, presently estimated to be in excess of $18,000,000.00;

e.      The Court enter an order vacating any judgments entered against the members of the class the Plaintiff seeks to represent in favor of SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC

f.      The Court enter an award of pre-judgment and post-judgment interest on all sums awarded to the Plaintiff and members of the class she seeks

to represent;

g.      The Court award to the Plaintiff and members of the class she seeks to represent reasonable counsel fees and the costs of these proceedings;

h.      The Court order such other and further relief as the nature of this case may require.

## JURY DEMAND

Pursuant to Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,


_____*/s/ E. David Hoskins*___
E. David Hoskins, Bar No. 06705
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
Quadrangle Building at Cross Keys
2 Hamill Road, Ste. 362
Baltimore, Maryland 21210
(410) 662-6500 (Tel.)
*dhoskins@hoskinslaw.com*