IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KHARYN RAMSAY | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 12-2741 |
| SAWYER PROPERTY MANAGEMENT OF MARYLAND, LLC and JEFFREY TAPPER, | * | |
| | * | |
| Defendants. | * | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION

Plaintiff Kharyn Ramsay brings this class action lawsuit against Defendants Sawyer Property Management of Maryland LLC and Jeffrey Tapper, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law, §§ 14-201 *et seq.*, and the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law, §§ 13-101 *et seq*. Defendants have filed separate Motions to Dismiss Plaintiff's Complaint (ECF Nos. 14 & 17) for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court has reviewed the parties' submissions and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant Sawyer Property Management of Maryland LLC's Motion to Dismiss (ECF No. 14) and Defendant Jeffrey Tapper's Motion to Dismiss (ECF No. 17) are GRANTED, and Plaintiff's Amended Complaint (ECF No. 15) is DISMISSED. Specifically, Plaintiff's Fair Debt Collection Practices Act claim is DISMISSED WITH PREJUDICE and Plaintiff's state law claims under the

Maryland Consumer Debt Collection Act and Maryland Consumer Protection Act are DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

In ruling on a motion to dismiss, the factual allegations in a plaintiff's complaint must be accepted as true, and those facts must be construed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

**I.    The Parties**

Plaintiff Kharyn Ramsay ("Plaintiff") resides in Baltimore County, Maryland.  Pl.'s Am. Compl. ¶ 9.  Defendant Sawyer Property Management of Maryland ("Sawyer Property") is a rental and property management company serving various landlords in the state of Maryland, including the landlord of a property called "Gwynn Oaks I" in Baltimore County.  Sawyer Property's Supp. Mem. 1, ECF No. 14-1.  Plaintiff was a tenant at "Gwynn Oaks I" and defaulted on her rent payments.  *See* Pl.'s Am. Compl. ¶ 10.  Sawyer Property hired Defendant Jeffrey Tapper ("Tapper"), who is both an attorney and a licensed collection agent in Maryland, to collect delinquent rent from Plaintiff and other tenants in default.  *See id.* at 2-3.

**II.   Enforcement of a Judgment under Maryland Rule 3-633**

In order to describe Tapper's collection activities with regard to Plaintiff, it is important to set out the relevant law.  Rule 3-633 of the Maryland Rules of Civil Procedure governs the process by which a judgment creditor may enforce a judgment.  When a judgment debtor fails to pay a judgment, the creditor may obtain a court order seeking an oral examination of the debtor before a Maryland District Court.  *See* Md. Code Ann. Civ. P. § 3-633(b).  To request an oral examination, the creditor files a "DC/CV 32" order request form[1] with a Maryland District

---

[1] The DC/CV 32 form is titled "Request for Order Directing Defendant to Appear for Examination in Aid of Enforcement of Judgment."  *See* Pl.'s Am. Compl. Ex. B.

Court. *Id.* Once the Maryland District Court Judge signs the form, it becomes a court order that the creditor serves on the debtor to compel an appearance before the court. *Id.*

If the debtor does not appear for the court-ordered oral examination, the creditor may then file a "DC/CV 33" order request form.[2] *See* Md. Code Ann. Civ. P. § 3-633(c). As with the DC/CV 32 request form, once the District Court Judge signs the DC/CV 33 form it becomes a court order that the creditor must serve on the debtor. *Id.* This order directs the debtor to appear before the court and show cause for her failure to appear for the court-ordered oral examination. *Id.* If the debtor fails to appear before the court a second time, the creditor may request that the court issue an "Attachment for Contempt," which directs a peace officer to place the debtor under arrest and deliver the debtor to a judicial officer to set a bond. *See* Md. Code Ann. Civ. P. § 3-633(b) ("[F]ailure to appear may result in the person served being held in contempt.").

## III.     Allegations of Plaintiff's Amended Complaint

In the present case, Sawyer Property obtained a state court judgment of $1,540.84 against Plaintiff for failure to pay rent. *See* Pl.'s Am. Compl. Ex. C. Though Plaintiff does not dispute the validity of this debt, she did not pay it, prompting Sawyer Property to retain Tapper's services. *See* Sawyer Property's Supp. Mem. 2-3, ECF No. 14-1. On August 5, 2011, Tapper filed a DC/CV 32 order request form with the District Court of Maryland for Baltimore County. *See* Pl.'s Am. Compl. Ex. C. The District Court approved Tapper's request and directed Plaintiff to appear before the court for an oral examination. *Id.* After Plaintiff failed to appear for the examination, Tapper filed a DC/CV 33 form, which the District Court again approved. *See* Pl.'s Am. Compl. Ex. D. After Plaintiff failed to appear before the District Court a second time, the District Court issued an "Attachment of Contempt," which directed the Sheriff's Office of

---

[2] The DC/CV 33 form is titled "Request for Show Cause Order for Contempt." *See* Pl.'s Am. Compl. Ex. A.

Baltimore County to arrest her. *See* Sawyer Property's Supp. Mem. 3. The Sheriff's Office arrested Plaintiff on August 23, 2011. Pl.'s Am. Compl. ¶ 37. After a two-hour period of custody, the Sheriff's Office released Plaintiff on her own recognizance. *Id.*

On September 13, 2012, Plaintiff filed the initial Complaint in this Court arising out of Tapper's actions. On November 7, 2012, Plaintiff submitted an Amended Complaint, which seeks damages for Defendants' alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), the Maryland Consumer Debt Collection Act ("MCDCA"), and the Maryland Consumer Protection Act ("MCPA"). *Id.* The acts underlying Plaintiff's three causes of action arise from Tapper's alleged modification of the DC/CV 32 and DC/CV 33 court orders. *See* Pl.'s Am. Compl. ¶¶ 28, 32. Specifically, she points to the following language that Tapper stamped on the orders: "THIS COMMUNICATION IS FROM A DEBT COLLECTOR. IT IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."[3]

Plaintiff alleges that Tapper intended both to mislead Plaintiff into believing that the court orders were instead communications from a debt collector and to cause her to fail to comply with the orders. *Id.* ¶¶ 35, 36. In her first and third causes of action, Plaintiff asserts that Tapper violated section 1692e of the FDCPA and section 13-301(1) of the MCPA, both of which prohibit false and misleading representations made by collection agents. *See* 15 U.S.C. § 1692e; Md. Code Ann., Com. Law, § 13-101(8). In her second cause of action, Plaintiff claims that Defendants violated section 14-202(8) of the MCDCA, which prohibits debt collectors from attempting to enforce rights that they do not have. *Id.* ¶ 129. Specifically, Plaintiff argues that the MCDCA prohibited Tapper's collection of Plaintiff's debt, because Sawyer Property is not a

---

[3] *See id.* ¶¶ 28, 32; Exs. C, D. Section 1692e(11) of the FDCPA requires a debt collector to disclose this information in any communication with a debtor. *See* 15 U.S.C. § 1692e(11). This language, which Tapper stamped on the court orders, will hereinafter be referred to as the "disclosure stamp."

licensed collection agency in Maryland.[4]  Plaintiff declares that Defendants' conduct has resulted in damages in excess of forty-one million dollars across three putative subclasses.[5]

After the original Complaint was filed on September 13, 2012, Tapper submitted a Motion to Dismiss (ECF No. 13). Plaintiff then filed an Amended Complaint (ECF No. 15) on November 7, 2012, and Tapper filed another Motion to Dismiss (ECF No. 17), which incorporates the arguments from his original motion.  Sawyer Property filed a Motion to Dismiss (ECF No. 14) Plaintiff's original Complaint on October 31, 2012, and has since moved to incorporate that motion against Plaintiff's Amended Complaint.[6]  *See* Sawyer Property's Reply 1, ECF No. 21.

Upon review of these motions, this Court finds that Plaintiff has not stated a claim under the Fair Debt Collection Practices Act.  With no remaining federal law at issue in Plaintiff's Amended Complaint, this Court declines to exercise supplemental jurisdiction over her Maryland Consumer Debt Collection Act and the Maryland Consumer Protection Act claims.  Accordingly, Defendant Sawyer Property Management of Maryland LLC's Motion to Dismiss (ECF No. 14) and Defendant Jeffrey Tapper's Motion to Dismiss (ECF No. 17) are GRANTED, and Plaintiff's Amended Complaint (ECF No. 15) is DISMISSED.  Specifically, Plaintiff's FDCPA claim is DISMISSED WITH PREJUDICE and Plaintiff's MCDCA and MCPA claims are DISMISSED WITHOUT PREJUDICE.  Defendant Jeffrey Tapper's original Motion to Dismiss (ECF No. 13) is rendered MOOT by this Memorandum Opinion.

---

[4] Plaintiff admits, however, that Tapper is a licensed Maryland collection agent.  Pl.'s Am. Compl. ¶ 11.
[5] *See id.* ¶¶ 126, 131, 139.  Plaintiff has brought suit on behalf of three putative subclasses, consisting of individuals whom Tapper served with court orders containing the disclosure stamp.  The subclasses correspond to Plaintiff's three causes of action—the "FDCPA" class, the "MCDCA" class, and the "MCPA" class.  Pl.'s Am. Compl. ¶¶ 116-18.
[6] This Court will treat Sawyer Property's Motion to Dismiss as incorporated against Plaintiff's Amended Complaint, because its arguments are equally relevant to the Amended Complaint.

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Id.* at 679. Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 663; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim.  It need only *allege facts* sufficient to *state* elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)).  In short, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief.  *Iqbal*, 556 U.S. at 664.

## ANALYSIS

This Court first addresses Plaintiff's claim that Defendants violated the Fair Debt Collection Practices Act, and finds that Plaintiff has failed to state a claim.  First, there is no plausible claim that Sawyer Property is a debt collector under the FDCPA.  Further, Plaintiff fails to demonstrate that Tapper's disclosure stamp constituted a false and misleading misrepresentation, and that the Defendants used unfair or unconscionable means to collect a debt.  Accordingly, Plaintiff's entire FDCPA claim is dismissed.  Pursuant to the dismissal of Plaintiff's only claim arising under federal law, this Court declines to exercise supplemental jurisdiction over Plaintiff's state claims under the Maryland Consumer Debt Collection Act and Maryland Consumer Protection Act.

**I.     Plaintiff's Fair Debt Collection Practices Act Claim (Claim 1)**

Plaintiff claims that Defendants violated the FDCPA when Tapper stamped the DC/CV 32 and DC/CV 33 court orders with the language, "THIS COMMUNICATION IS FROM A DEBT COLLECTOR. IT IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE" (hereinafter, "disclosure stamp").[7]  Section 1692e of the FDCPA generally prohibits a debt collector from

---

[7] *Id.* ¶ 124.  As explained in note 3 *supra*, section 1692e(11) of the FDCPA requires a debt collector to disclose this information in any communication with a debtor.

making any "false, deceptive, or misleading representation or means in connection with the collection any debt." 15 U.S.C. § 1692e.  In particular, section 1692e(15) makes illegal any representation by a debt collector that a document is not a legal process form or that it does not require action.  *Id.*

In this case, Plaintiff claims that the disclosure stamp on both the DC/CV 32 and DC/CV 33 documents falsely implied that they were not court orders.  Pl.'s Am. Compl. ¶ 111.  Conversely, Sawyer Property claims that it cannot be found liable under the FDCPA because it is not a debt collector.  *See* Sawyer Property's Supp. Mem. 6-7.  Furthermore, both Defendants assert that Plaintiff has failed to state a claim under the FDCPA, because the disclosure stamp added by Tapper was neither false nor misleading.  *See* Sawyer Property's Supp. Mem. 9-15; Tapper's Supp. Mem. 5-8, ECF No. 17-1.  There is no plausible claim that Sawyer Property is a debt collector under the FDCPA, nor any plausible claim that the disclosure stamp was not false or misleading.  For these reasons, Plaintiff's FDCPA claim is dismissed against Sawyer Property and Tapper.

      A.  *Whether Sawyer Property is a Debt Collector under the FDCPA*

Sawyer Property states that it cannot violate the FDCPA because it is not a debt collector.  The FDCPA provides two ways that an individual or entity can qualify as a debt collector.  Specifically, the FDCPA defines a debt collector as (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" or (2) "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6); *see also Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008).  Sawyer Property argues that it is not a debt collector under the FDCPA for two reasons.  First, it claims that the FDCPA specifically excludes a person who collects a debt that is "not in

default at the time it was obtained by such person." 15 U.S.C. § 1692(a)(6)(F)(iii). Second, Sawyer Property asserts that it does not qualify as a debt collector under the FDCPA because it collected such debts in its own name as a property management organization. *See Kennedy v. Lendmark Fin. Servs.*, RDB-10-02667, 2011 WL 4351534, at *3 (D. Md. Sept. 15, 2011) ("The FDCPA does not . . . apply to creditors collecting debts in their own names and whose primary business is not debt collection."). Plaintiff's claim as to Sawyer Property fails, because she has not alleged sufficient facts demonstrating that Sawyer Property meets either definition of a debt collector under the FDCPA.

1. A Debt Collector Who Regularly Collects Debts on Behalf of Others

First, Plaintiff's Amended Complaint does not show that Sawyer Property is an entity that regularly collects debts on behalf of *another*. *See* 15 U.S.C. § 1692a(6) (defining debt collector as "any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another"). Plaintiff's Amended Complaint alleges that Sawyer Property is a debt collector because it "regularly collect[ed] or attempt[ed] to collect, directly or indirectly, debts asserted to be owed or due another." Pl.'s Am. Compl. ¶ 13. As support for her allegations, Plaintiff attaches the DC/CV 32 and DC/CV 33 orders issued by the Maryland District Court that compelled her appearance. *See* Pl.'s Am. Compl. Exs. C, D.[8] Plaintiff also cites the Federal Trade Commission's Official Staff Commentary on section 1692(a) for the proposition that "a firm that regularly collects overdue rent on behalf of real

---

[8] This Court may properly consider these exhibits without converting Defendants' motions into motions for summary judgment, because they are integral to the Amended Complaint and no party has challenged their authenticity. *See, e.g.*, *Am. Chiropractic v. Trigon Healthcare*, 367 F.3d 212, 234 (4th Cir. 2004).

estate owners" qualifies as a "debt collector" under the FDCPA. 53 Fed. Reg. 50097-02 (Dec. 13, 1988).[9]

This Court has reviewed the DC/CV 32 and DC/CV 33 court orders submitted by Plaintiff, and finds that her exhibits are factually inconsistent with her claim. First, the collection lawsuit itself reflects that Tapper filed the action in Sawyer Property's name. *See* Tapper's Supp. Mem. Ex. 2. Second, both court orders list Sawyer Property as the judgment creditor. *See* Pl.'s Am. Compl. Exs. C, D. This Court gives greater weight to the facts presented in the court orders than to Plaintiff's own allegations, because when a "document contradicts a complaint to which it is attached, the document's facts or allegations trump those in the complaint." *See, e.g.*, *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 (7th Cir. 2004); *see also Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (holding that a court need not accept a plaintiff's allegation if it contradicts documents properly considered with the complaint).

As this Court found in *Kennedy*, the FDCPA does not apply to a creditor collecting debts in its own name. 2011 WL4351534, at *3; *see also Akpan v. First Premier Bank*, 2010 WL 917886, at *4 (D. Md. Mar. 8, 2010) (reasoning that the FDCPA does not apply to a creditor, except where the creditor "uses any name other than his own . . ." (citing 16 U.S.C. § 1692(a)(4)-(6))). In this case, Plaintiffs' exhibits indicate that Sawyer Property was acting as a judgment creditor, collecting its debt in its own name. Accordingly, Sawyer Property is not a debt collector under the FDCPA's second definition—namely, "any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

---

[9] Normally, "the FTC's advisory opinions are not entitled to deference in FDCPA cases except perhaps to the extent that their logic is persuasive." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 225 (3d Cir. 2008) (quoting *Dutton v. Wolpoff & Abramson*, 5 F.3d 649, 654 (3d Cir. 1993)).

      2.  <u>A Debt Collector Whose Primary Business Purpose Is Debt Collection</u>

Furthermore, Plaintiff's Amended Complaint falls short of alleging that debt collection is the primary purpose of Sawyer Property's business. *See* 15 U.S.C. § 1692a(6) (defining debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts"). While Sawyer Property insists that it is a property management company and not a debt collector, Plaintiff asserts in conclusory fashion that Sawyer Property was "in the business of collecting debts." Pl.'s Am. Compl. ¶ 10. Plaintiff does not allege, however, that Sawyer Property's primary business was to act as a debt collector, nor does she include facts that would support such a claim. Without specific facts to bolster her claim, this Court will not accept such threadbare allegations. *See Iqbal*, 556 U.S. at 669.

Moreover, alleging that Sawyer Property primarily collects debts would be inconsistent with other facts alleged by Plaintiff. In her Amended Complaint and Response, Plaintiff describes Sawyer Property as a "rental agent." *Id.*; Pl.'s Resp. 30-31. Her description corresponds with Sawyer Property's own claim that it is a "rental and property management agent for Maryland landlords." Sawyer Property's Supp. Mem. 2. Absent any facts demonstrating that Sawyer Property's primary business purpose is debt collection, this Court will not presume that Sawyer Property's primary purpose is debt collection. Rather, this Court reaffirms its holding in *Kennedy* that creditors whose primary business is not debt collection may not be held liable under the FDCPA. 2011 WL 4351534, at *3. Plaintiff fails to show that Sawyer Property is a debt collector under the FDCPA.

### 3. There Is No Vicarious Liability for Tapper's Actions

Plaintiff alternatively argues that Sawyer Property is vicariously liable for Tapper's disclosure stamp. *See* Pl.'s Am. Compl. ¶ 12; Pl.'s Resp. 34-37. Contrary to Plaintiff's argument, however, this Court has previously held that in most cases a creditor should not be held vicariously liable for the actions of its attorney acting as a debt collector. *See Fontell v. Hassett*, 870 F. Supp. 2d 395, 412 (D. Md. 2012). In *Fontell*, this Court was concerned with situations in which a debt collector attempts to evade liability under the FDCPA by hiring an attorney to act in its stead. *See id.* This Court articulated the following rationale:

> A debt collector should not be able to hire an attorney to engage in illegal debt collection practices on its behalf as a means of avoiding liability under the FDCPA. On the other hand, if the client is not a debt collector subject to liability under the FDCPA itself, then its decision to hire an attorney to engage in debt collection practices on its behalf would not be predicated on evading FDCPA liability, and imputing liability under those circumstances would not further the interests of the Act.

*Id.*

As discussed above, Sawyer Property is not a debt collector based on the facts alleged in Plaintiff's Amended Complaint. Sawyer Property hired Tapper, a licensed collection agent in Maryland, to perform collection services. There is no concern in this case that Sawyer Property employed Tapper to avoid compliance with the FDCPA, and indeed any FDCPA liability would lie with Tapper. Imputing liability to Sawyer Property would not further the interests of the FDCPA and, therefore, would be inappropriate in this case. *See id.*

In sum, Plaintiff's Amended Complaint fails to properly allege that Sawyer Property is a debt collector under the FDCPA. Moreover, this Court will not impute vicarious liability to Sawyer Property, since it is not a debt collector. Accordingly, there is no plausible claim under

the Fair Debt Collection Practices Act against Sawyer Property as a debt collector. If Plaintiff asserted any plausible FDCPA claim, that claim would lie only against Tapper.

      B.    *Tapper's Alleged Misrepresentations under Section 1692e of the FDCPA*

While Sawyer Property does not qualify as a debt collector under the Fair Debt Collection Practices Act, Tapper's actions in seeking to collect Plaintiff's debt meet the definition of a debt collector. Therefore, the issue that remains as to Tapper is whether Plaintiff has stated a plausible claim under the FDCPA. Plaintiff primarily alleges that Tapper's disclosure stamp constituted a false and misleading misrepresentation by a debt collector, in violation of the FDCPA. *See* 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."). Defendants counter that the disclosure stamp was neither false nor material to Plaintiff's understanding of the court order. *See* Sawyer Property's Supp. Mem. 9-15; Tapper's Supp. Mem. 5-8. Because Plaintiff fails to assert a plausible claim that Tapper's disclosure stamp was false and misleading, Plaintiff's FDCPA claim under section 1692(e) fails.

      1.    <u>The Least Sophisticated Consumer Standard</u>

Plaintiff asserts that Defendants added the disclosure stamp to intentionally mislead her to believe that the DC/CV 32 and DC/CV 33 documents were not court orders. *See* Pl.'s Am. Compl. ¶ 111. Defendants argue, on the other hand, that the disclosure stamp could not reasonably lead Plaintiff to such a conclusion. *See* Sawyer Property's Supp. Mem. 11; Tapper's Supp. Mem. 6. The United States Court of Appeals for the Fourth Circuit has held that a plaintiff alleging a FDCPA violation under section 1692e must show that the challenged representations would mislead the "least sophisticated consumer[]." *United States v. Nat'l Fin. Servs.*, 98 F.3d 131, 136 (4th Cir. 1996). This standard protects "the gullible as well as the

shrewd;" however, it also "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care." *Id.* (citing *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). Thus, "bizarre or idiosyncratic interpretations" are not protected under the least sophisticated consumer standard. *Id.*

Plaintiff claims that Tapper's disclosure stamp "falsely impl[ied] that the communication is not a court order" and "overshadowed the fact that the consumer could be subject to arrest for failing to comply." Pl.'s Am. Compl. ¶ 111. Plaintiff's claim is implausible, however, because even the least sophisticated consumer, reading the documents with care, would understand that they were court orders. The first line of both court orders reads "District Court of Maryland for Baltimore County" and is accompanied by the court's seal. *See* Pl.'s Am. Compl.; Exs. C, D. The caption and case number signal that Plaintiff is a defendant in the case. *Id.* Language throughout both documents indicates that they are court orders to which Plaintiff must respond, with frequent capitalization emphasizing the gravity of the orders. *See id.* Furthermore, the reverse side of the DC/CV 33 court order lists a series of instructions Plaintiff should follow in order to avoid incarceration. *See* Tapper's Mot. to Dismiss 7-8; Ex. 2.[10] Finally, the signature of the judge who issued the orders appears at the bottom. *See id.* Even with the disclosure stamp added by Tapper, Plaintiff presents no facts illustrating that a person with "a basic level of understanding and willingness to read with care" would have failed to see that the documents are court orders. *Nat'l Fin. Servs.*, 98 F.3d at 136. Thus, as the Fourth Circuit explained in *National Financial Services*, this Court will not consider Plaintiff's "bizarre and idiosyncratic" reading of the court orders. *Id.* Plaintiff therefore fails to state a plausible claim under the FDCPA.

---

[10] This Court can consider this exhibit without converting the Motions to Dismiss into motions for summary judgment. *See supra* note 8.

2. <u>Whether the Disclosure Stamp Constituted a False Statement</u>

Defendants also contend that the disclosure stamps added to the court orders were not false statements. *See* 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."). In particular, Tapper claims that that the FDCPA requires a debt collector to disclose in any communication with a debtor that the communication "is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. § 1692e(11). Because the court orders that Tapper served upon Plaintiff were communications between a debt collector and a debtor, Defendants argue, Tapper included the disclosures to comply with section 1692e(11) of the FDCPA and they cannot constitute false statements. *See* Sawyer Property's Supp. Mem 10; Tapper's Supp. Mem. 7.

Defendants point out that the Fourth Circuit has only once addressed the use of FDCPA disclosures and that the law still remains uncertain. In *Sayyed v. Wolpoff & Abramson*, 485 F.3d 227 (4th Cir. 2007), a plaintiff sued a defendant law firm for actions it took while attempting to collect a debt from the plaintiff. Specifically, the plaintiff argued that the defendant violated the FDCPA because its interrogatories failed to state that they were communications from a debt collector, as required by 15 U.S.C. § 1692e(11). *See id.* at 228. The Fourth Circuit left unresolved the question whether an interrogatory served by a debt collector would require the disclosure language mandated by the FDCPA. *See id.* at 235, n. 2. Defendants argue that in the face of uncertainty about his legal obligations, Tapper erred on the side of caution and added the disclosure stamp to the court orders. Furthermore, they argue that no provision of the FDCPA explicitly prohibits Tapper from adding the disclosure stamp.

Plaintiff counters that the FDCPA's disclosure requirement set forth in section 1692e(11) does not apply to formal pleadings. *See* 15 U.S.C. § 1692e(11) ("[T]his paragraph shall not apply to a formal pleading made in connection with a legal action"). These court orders, she suggests, qualify as formal pleadings, which would not require a disclosure stamp. Pl.'s Resp. 25. Plaintiff also implies that where a debt collector makes an unnecessary FDCPA disclosure, that disclosure can be construed as a false statement and open the door to FDCPA liability.

Plaintiff's argument regarding the formal pleading exception is unavailing for several reasons. First, she does not demonstrate that the DC/CV 32 and DC/CV 33 court orders constitute formal pleadings under the law. In fact, this Court has previously relied on Rule 7(a) of the Federal Rules of Civil Procedure to determine which documents qualify as formal pleadings. *See Hauk v. LVNV Funding*, 749 F. Supp. 2d 358, 367 (D. Md. 2010) (applying Rule 7(a)'s definition of "formal pleadings" and reasoning that Congress "did not intend for all documents filed in connection with a lawsuit to fall within the [FDCPA's] formal pleadings exceptions."). Rule 7(a) does not include a court order as a formal pleading. *See* Fed. R. Civ. P. 7(a). Moreover, Plaintiff fails to show that section 1692e(11), or any other provision of the FDCPA, prohibited Tapper from adding the disclosure stamp to the court orders. Finally, Plaintiff does not cite a single case in which a debt collector's decision to make a section 1692e(11) disclosure was held against him as an FDCPA violation.

The purpose of section 1692e(11)'s disclosure requirement is, in relevant part, "to eliminate abusive debt collection practices by debt collectors" and "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692e(11). To punish a debt collector for including a disclosure where the FDCPA does not require it would not further the purpose of section 1692e(11).

Instead, it would force cautious debt collectors attempting to comply with the FDCPA to confront a Hobson's choice, where they may face liability for either disclosing too much or not enough. A debt collector in Tapper's shoes would have been reasonably unsure of his disclosure obligations, and this Court is wary of holding debt collectors liable when they practice prudence in their disclosures to debtors. For this reason, it is simply not plausible that Tapper's disclosure stamps would constitute false statements under the FDCPA.

C. *Defendants' Alleged Unfair Collection Practices under Section 1692f of the FDCPA*

Plaintiff also asserts that Defendants violated section 1692f of the FDCPA, which prohibits debt collectors from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Specifically, Plaintiff argues that Sawyer Property is an unlicensed debt collector in Maryland, and that section 1692f prohibits the collection of debts on behalf of such an agency. *See* Pl.'s Resp. 28-30. Plaintiff cites to this Court's decision in *Fontell v. Haslett*, 870 F. Supp. 2d 395, 409 (D. Md. 2012), to support the proposition that property management companies such as Sawyer Property must be licensed. *See* Pl.'s Resp. 29.

In *Fontell*, a homeowner association attempted to collect a fee that a condominium owner owed directly to the association. *See* 870 F. Supp. 2d at 400. The owner refused to pay the fee, and the homeowner association employed a property management agent to recover its debt. *Id.* This Court found that the management agent should have been licensed as a collection agency, because by collecting the debt on behalf of another—the homeowner association—it acted as a debt collector under Maryland law. *See id.* at 409. On the other hand, this Court found that the homeowner association was not required to have a collection agency license, because "there [was] no question that the homeowner association was not acting as a collection agency when it took action to collect fees on its own behalf and under its own name." *Id.*

Plaintiff's reliance on *Fontell* is unavailing. Contrary to Plaintiff's assertion, the mere fact that Sawyer Property is a property management company does not mean it is required to have a collection agency license. Rather, this Court in *Fontell* considered the type of activity that the homeowner association and management agent engaged in to determine whether they required a debt collector's license. As discussed in Section I.A.1 of this Memorandum Opinion, Sawyer Property attempted to collect Plaintiff's debt in its own name. *See* Pl.'s Am. Compl. Exs. C, D. Thus, Sawyer Property is analogous to the homeowner association in *Fontell*, which this Court found was not a debt collector required to have a license under Maryland law. *See* 870 F. Supp. 2d at 409. Accordingly, there is no plausible claim that Sawyer Property required a collection agency license under Maryland law. For these reasons, Plaintiff's entire FDCPA claim, under sections 1692e and 1692f, fails as a matter of law and is DISMISSED.

## II. Plaintiff's State Claims Under the Maryland Consumer Debt Collection Act and Maryland Consumer Protection Act (Claims 2 & 3)

In addition to her Fair Debt Collection Practices Act claim, Plaintiff has asserted two state claims under the Maryland Consumer Debt Collection Act and Maryland Consumer Protection Act. Because this Court dismisses Plaintiff's federal claim, it no longer has original jurisdiction over this case. Thus, this Court must decide whether to consider Plaintiff's remaining state claims, which it may only decide by exercising discretionary supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

Under 28 U.S.C. § 1367, this Court has discretion to decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Williams v. Richardson*, No. 04-1810, 2005 WL 1076128, at *2 (D. Md. Apr. 21, 2005) ("Supplemental jurisdiction is a discretionary doctrine."). In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966), the Supreme Court cautioned that

18

"[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Thus, supplemental jurisdiction is a doctrine of discretion, and not a plaintiff's right. *Id.* Supplemental jurisdiction should not be exercised in cases where a plaintiff's federal claims are dismissed before trial and the state claims are not closely tied to a federal question. *See id.* at 726-27. However, there may be "situations in which the state claim is so closely tied to questions of federal policy that the argument for exercise of [supplemental] jurisdiction is particularly strong." *Id.* at 727.

In this case, this Court finds that Plaintiff's state law claims are not sufficiently tied to questions of federal policy such that exercising supplemental jurisdiction is appropriate. While Plaintiff's federal claim and state claims share the same underlying facts, Plaintiff's state claims do not implicate this Court's resolution of the FDCPA claim, nor do they involve federal preemption doctrine. *See id.* (finding that the implication of federal preemption doctrine is "relevant to the exercise of discretion"). In other words, Plaintiff's state claims under the Maryland Consumer Debt Collection Act and Maryland Consumer Protection Act involve decisions of Maryland law, which are better resolved by a Maryland court. *See id.* at 726. Moreover, this Court has previously declined to exercise jurisdiction over similar state claims where a plaintiff's FDCPA claim fails under Rule 12(b)(6). *See, e.g.*, *Kennedy v. Lendmark*, 2011 WL 2011 WL 4351534, at *3; *Kennedy v. Ace Case Express*, CCB-10-1900, 2011 WL 1769444, at *4 (D. Md. May 9, 2011); *Kennedy v. Chesapeake Utils. Corp.*, BEL-10-2256, 2011 WL 846584, at *2 (D. Md. Mar. 8, 2011). Accordingly, this Court dismisses Plaintiff's state claims under the Maryland Consumer Debt Collection Act and Maryland Consumer Protection Act pursuant to 28 U.S.C. § 1367(c)(3).

CONCLUSION

For the reasons stated above, Defendant Sawyer Property Management of Maryland LLC's Motion to Dismiss (ECF No. 14) and Defendant Jeffrey Tapper's Motion to Dismiss (ECF No. 17) are GRANTED and Plaintiff's Amended Complaint (ECF No. 15) is DISMISSED. Specifically, Plaintiff's Fair Debt Collection Practices Act claim is DISMISSED WITH PREJUDICE. With no remaining federal issue in this case, this Court declines to exercise supplemental jurisdiction over Plaintiff's Maryland Consumer Debt Collection Act and the Maryland Consumer Protection Act claims, pursuant to 28 U.S.C. § 1367(c)(3). Accordingly, Plaintiff's state claims are DISMISSED WITHOUT PREJUDICE, and Plaintiff shall have leave to file them in state court. Finally, Defendant Jeffrey Tapper's original Motion to Dismiss (ECF No. 13) is rendered MOOT by this Memorandum Opinion.

A separate Order follows.

Dated: May 31, 2013

_____/s/_____
Richard D. Bennett
United States District Judge